UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THOMAS D. TUKA and CANDICE L. TUKA,** | ) ) ) | **CASE NO. 08 CV 423** |
| Petitioners, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) ) | |
| **UNITED STATES OF AMERICA,** *et al.*, | ) ) | **Memorandum of Opinion and Order** |
| Respondents. | ) | |

### INTRODUCTION

This matter is before the Court upon Respondents' Motion to Dismiss or Summarily Deny Petition to Quash Summons and for Enforcement of Summons (Doc. 4). This case arises out of respondents' issuance of a third-party summons to National City Bank in the course of investigating petitioners' tax liability. For the reasons that follow, the motion is GRANTED.

### FACTS

Petitioners Thomas D. Tuka ("Mr. Tuka") and Candice L. Tuka ("Mrs. Tuka"), who proceed *pro se*, initiated this action by filing a Petition to Quash Internal Revenue Service

Third Party Summons.  Respondents are the United States of America, the Internal Revenue Service ("IRS") and IRS Special Agent Matthew P. Davey ("Agent Davey").

Agent Davey issued a summons on January 22, 2008 to National City Bank.  The summons seeks production of "all records pertaining to ... Thomas D. Tuka [and] Candice L. Tuka" for "all open and closed accounts ... including all accounts in which these individuals had signatory authority and/or the right of withdrawal" for tax years 2003 to 2006.  The summons also seeks savings account records including any 1099 tax forms issued by the bank, checking account records, loan records, safe deposit box records, records relating to certificates of deposit and money market certificates, U.S. Treasury notes and bills, credit card records, purchases of bank checks and "all correspondence ... regarding" the Tukas and "all memoranda, notes, files, or records relating to meetings or conversations concerning" the Tukas.

On February 20, 2008, petitioners filed their Petition to Quash with this Court.  Respondents' Motion to Dismiss or Summarily Deny Petition to Quash Summons and for Enforcement of Summons followed.  The motion is opposed.

**DISCUSSION**

The Internal Revenue Code (the "Code") provides for the issuance of third-party summons to aid in the discovery of liability of a taxpayer and enforcement of the Code.  26 U.S.C. § 7602.  The Code further provides that notice of any summons issued to a third party must be given to the person "who is identified in the summons."  *Id.* at § 7609.  The person with the right to receive such notice then "shall have the right to intervene in any proceeding with respect to the enforcement of such summons."  *Id.*  This includes "the right to begin a

proceeding to quash such summons not later than the 20th day after the day such notice is given." *Id.* "In any such proceeding, the Secretary may seek to compel compliance with the summons." *Id.* This Court has jurisdiction pursuant to 26 U.S.C. § 7609(h).

The Petition to Quash raises several claims.  First, petitioners argue that the summons was issued in bad faith in that it seeks documents that are already in the possession of the IRS - namely, petitioners' 1099 Forms.  Petitioners also argue that the summons was "not verified by a written declaration as per the requirements of Title 26 U.S.C. § 6065" and was not attested to under § 7603(a) of the Code.  Petitioners assert that the summons also "fails to meet the requirements of 12 U.S.C. Ch. 35, §§ 3403 and 3405."  Finally, petitioners allege that "the IRS has classified the Tukas as 'tax protesters' and has abandoned in an institutional sense the pursuit of a civil tax determination" and has "made an institutional commitment to make a referral to the Department of Justice for prosecution."  As a result, petitioners contend that the use of a civil summons is an improper method of gathering evidence that might be used later in a criminal proceeding.

Respondents' motion addresses each of these questions and also asks the Court to find that the Petition to Quash was never properly served pursuant to Fed. R. Civ. P. 4(i) because no summons was ever issued or served.  Respondents further argue that the United States is the only proper party such that the Petition should be dismissed as to the IRS and Agent Davey in any event.

Petitioners have filed an opposition.  However, the opposition fails to address the motion on the merits.  Petitioners instead ask the Court to deny respondents' motion because it should have been filed as three separate motions.  Petitioners contend that the motion is

3

"confusing." For the reasons stated in respondents' reply brief, the Court finds that petitioners' arguments are unavailing and it is proper to resolve respondents' motion on the merits.

> To obtain enforcement of a summons, the Commissioner of the IRS must show that
>
>> the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed ...

*United States v. Powell*, 379 U.S. 48, 57-58 (1964). An affidavit by the agent issuing the subpoena or by another with personal knowledge of the investigation is sufficient to make this showing. *United States v. Stuart*, 489 U.S. 353, 360 (1989); *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th Cir. 2006). "The government's burden is slight." *E.g., United States v. Alpha Medical Mgmt.*, 1997 U.S. App. LEXIS 16209 (6th Cir. Jun. 26, 1997). Once the IRS has shown that the above-cited requirements for enforcement are met, the burden shifts to the taxpayer to rebut the showing or to show an abuse of the court's process. *See Powell*, 379 U.S. at 58.

The taxpayer "may challenge the summons on any appropriate ground." *Id.* Such grounds include issuance of the subpoena "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Id.* The burden on the taxpayer is a heavy one. *E.g., Alpha Medical*, 1997 U.S. App. LEXIS 16209. The recordkeeper who is summoned has the right to intervene in the judicial proceeding. 26 U.S.C. § 7609(b)(2)(C). However, the recordkeeper shall be bound by the decision in such proceeding whether or not

4

the person intervenes in such proceeding.  *Id.*  "An order denying the petition shall be deemed a final order which may be appealed."  26 U.S.C. § 7609(h)(1).

Here, Agent Davey has submitted the requisite affidavit.  He states as follows:

> In my capacity as an Internal Revenue Service Special Agent, I am conducting an investigation into the federal income tax liabilities of Thomas D. Tuka for the taxable years 2003, 2004, 2005, and 2006.  The purposes of the investigation are, for the years under investigation, to determine Mr. Tuka's correct tax liabilities, to prepare federal income tax returns for Mr. Tuka for those years, if the filings of such returns were required by law, and to ascertain whether Mr. Tuka has committed any offense connected with the administration or enforcement of the internal revenue laws. Through my investigation, I am aware that Thomas D. Tuka had been receiving gross income from certain disability benefits that he received during the years 2003 through 2006, inclusive, under a pilot disability plan funded by his former employer, U.S. Airways, Inc.  These benefits were previously determined to be income by the Tax Court with respect to the year 1999 in *Tuka v. Commissioner*, 120 T.C. 1 (2003), *aff'd* 85 Fed. Appx. 875 (3rd Cir. 2003).  However, Mr. Tuka did not file tax returns reporting this income for these years.  Thomas D. Tuka and/or Candice L. Tuka maintained financial accounts with National City Bank during all or some portion of the above referenced tax periods. The financial account records are relevant to my investigation because the records may establish the source and amount of income received by Thomas D. Tuka during the relevant periods. The financial account records may also reveal control, knowledge and/or financial activity by Thomas D. Tuka which may establish civil and/or criminal liability.

Agent Davey further states that the summons he served on National City Bank "contained the attestation required by § 7603 [of the Code]."  He also confirms that the "books, papers, records, or other data sought by the Summons are not already in the possession of the Internal Revenue Service" and that "all administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken."  Finally, "there is no 'Justice Department referral' as that term is described in Section 7602(d) of the Internal

Revenue Code, in effect with respect to the taxpayer for the years under investigation."

This affidavit addresses all four of the *Powell* requirements. It also addresses many of the complaints raised in the Petition to Quash. The affidavit establishes that the summons was attested to and not issued in bad faith. Agent Davey also establishes that no referral has been made to the Justice Department for criminal prosecution.

Respondents' motion addresses petitioners' final concerns. Respondents correctly state that the summons issued to National City Bank is not the type of document that must be verified pursuant to 26 U.S.C. § 6065. *Garrett v. United States*, 97-2 U.S. Tax Cas. P50 (6th Cir. Aug. 13, 1997). Finally, respondents correctly state that the summons is exempt from the requirements of 12 U.S.C. §§ 3403 and 3405. These provisions of law provide for the confidentiality of the financial records of a customer to a bank and restrict release of these records by a bank to governmental entities. However, 12 U.S.C. § 3413(c) provides: "Nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by title 26."

**CONCLUSION**

For the foregoing reasons, respondents' Motion to Dismiss or Summarily Deny Petition to Quash Summons and for Enforcement of Summons is GRANTED.

IT IS SO ORDERED.

                                     /s/Patricia A. Gaughan
                                     PATRICIA A. GAUGHAN
Date:   8/04/08               United States District Judge